UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PHILIP C. DALTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CV-189 JD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Philip C. Dalton, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) In WCC-13-06-0571, a hearing officer at Westville Correctional Facility ("Westville"), found Dalton guilty of a Class A102 offense, assault/battery upon another person with a weapon or inflicting serious bodily harm. (DE 8-2.) The charge was initiated on June 22, 2013, when Correctional Officer J. Carper prepared a conduct report stating as follows:

> On [June 22, 2013 at approximately 12:45 a.m.] Offender Dalton, Phillip DOC# 189873 admitted to me Officer Carper that he beat up Offender Ray, Jackson #133750.

(DE 8-1.)

On June 28, 2013, Officer Kearby attempted to notify Dalton that he was charged with assault/battery, but Dalton refused to be screened. (DE 8-2.) Consequently, the screening report was left incomplete and Dalton did not plead to the offense, did not request a lay advocate, or request any evidence. (DE 8-2.)

When a hearing officer first attempted to conduct the disciplinary hearing, Dalton requested a continuance to call Harrison Shepherd, Ray Jackson and Officer A. Medina as witnesses. (DE 8-

3.) The continuance was granted, and the hearing was postponed while waiting on statements from these witnesses. (DE 8-2.) A hearing officer conducted the disciplinary hearing on July 23, 2013. (DE 8-3.) During the hearing, Dalton pled not guilty and provided the following statement:

> I never done it. I never beat up a retarded person in my life. I got jumped out on the rec yard because I have a rebel cause patch & almost got stabbed. I think Jackson got beat up because they thought it was me.

(DE 8-3.) A witness statement was obtained from Offender Harrison Shepherd who stated, "If you review the camera 9:00 to 9:30 me and Dalton were in the day room sitting right beside each other watching t.v. He was nowhere around Jackson." (DE 8-3.) Officer A. Medina also provided a written witness statement stating, "Ofc. Carper told me that the above named offender Dalton, Phillip #189873 admitted to beating up another offender." (DE 8-3.)

The hearing officer, relying on staff reports, Dalton's statement, evidence from the witnesses, and the confidential internal affairs file, found Dalton guilty of the charge of a Class A102 assault and battery. (DE 8-3.) The hearing officer imposed disciplinary segregation for 365 days, a 365-day deprivation of earned time credit, and a demotion to credit class. Dalton's appeals were denied and this petition followed. On July 9, 2014, after this petition was filed, the DOC determined that Dalton was guilty of a lesser assault/battery offense, Class B212.[1] The sanctions were reduced to 90-day disciplinary segregation, 90-day loss of earned time credit, and a demotion from credit class 1 to class 2. (DE 8-1.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2)

---

[1] The filing of this habeas petition caused the IDOC to "become aware of issues" that prompted the Appeal Review Officer to reduce the charges and finding of guilt. (DE 8-1; Ex. A2.) Apparently, the IDOC has come to believe that the assault did not result in serious bodily injury. It is disappointing that they did not come to that realization before imposing the additional term of segregation.

2

an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Dalton raises four claims in his petition: (1) he was not informed of his rights; (2) he was denied evidence; (3) the sanctions are excessive because this was his first disciplinary proceeding; and (4) since there was no evidence of the use of a weapon or resulting serious bodily injury, he should have been charged with Class B212 battery.[2]

As a preliminary matter, to the extent Dalton is arguing that there was insufficient evidence to find him guilty of assault/battery, this claim fails. The "some evidence" test is not a demanding one. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

---

[2]These latter two claims have become moot due to the DOC amending the charge and finding of guilt from Class A102 to Class B212, which was done after Dalton filed the instant habeas petition. (DE 8-1.)

In this case, there is ample evidence in the record to support the conclusion reached by the hearing officer. The conduct report alone constitutes some evidence that Dalton assaulted Offender Jackson. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report alone provided "some evidence" to support disciplinary determination). In fact, Dalton admitted beating the victim to Officer Carper. (DE 8-1.) Moreover, the statement of Officer Medina further confirmed that Dalton assaulted and battered the victim. (*See* DE 8-3; DE 10.) This evidence more than satisfies the "some evidence" standard of the amended assault/battery charge.

Not only is there sufficient evidence to find Dalton guilty of the charged offense, but there has been no showing that he was deprived any due process along the way. Dalton first claims that he was not informed of his rights. Dalton complains that when Officer Kearby first approached him with the screening report, she did not come to him in-person. Instead, Officer Kearby talked to him through an intercom. Dalton states he could not understand what Officer Kearby was saying because her voice sounded muffled, so he asked her to come to his cell. She never did. Instead, she noted that Dalton refused to be screened, which he claims resulted in him being limited in the number of witnesses he could have and the evidence he could present.

Despite Dalton's allegation that he was not informed of his rights, the record establishes that- regardless of what transpired between Dalton and Officer Kearby -the report of conduct was mailed to Dalton. (DE 8-1.) It is undisputed that Dalton was given advance written notice of the charges against him prior to the hearing. Moreover, Dalton has not argued that failing to learn of the charges over the intercom from Officer Kearby resulted in any delay or harm in mounting an effective defense. Because he received advanced written notice of his charges, this claim is without merit. *Wolff*, 418 U.S. at 563; *Evans v. McBride*, 94 F.3d 1062, 1065 (7th Cir. 1996)("Unless an error had

4

a substantial and injurious influence on the proceedings, a request for collateral relief should be rejected.").

As a result of not completing the screening report, Dalton complains that he was not permitted to call additional witnesses at the hearing. A prisoner has a limited right to call witnesses and present evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer may deny a witness or evidence request that threatens institutional goals or is irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence); *see also Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996) ("exculpatory evidence" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt"). The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011); *Piggie*, 342 F.3d at 666.

Here, the record shows that Dalton requested statements from three witnesses, and those statements were obtained and considered. (DE 8-2 to 8-3.) In his traverse, Dalton complains that he was not permitted to call two additional witnesses. However, there is nothing in the administrative record to reflect that Dalton requested any additional witnesses when he had the opportunity to do so, and he cannot fault the hearing officer for failing to consider evidence he did not properly request. *See Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). Even assuming Dalton made a proper request for additional witness testimony, Dalton has not demonstrated who those additional witnesses would have been or what information they would have provided. Simply

5

put, Dalton has not demonstrated how any additional testimony from the unidentified witnesses would have aided his defense. Without a showing of prejudice, Dalton cannot demonstrate a due process error. *Piggie*, 342 F.3d at 666.

Dalton also complains that he was denied the right to question witnesses at the hearing due to his not filling out the screening report. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Unlike a criminal defendant, a prisoner has no right to confront adverse witnesses or evidence at a disciplinary hearing. *Wolff*, 418 U.S. at 568; *see also White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). To the extent Dalton is arguing that he had a right to confront adverse witnesses at the disciplinary hearing, he is incorrect. The formal rules of evidence do not apply to prison disciplinary proceedings, and there is no due process right to confront or cross-examine witnesses. *Wolff*, 418 U.S. at 566; *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Dalton also argues that he was denied a lay advocate because he did not fill out the screening report. As an initial matter, there is nothing in the administrative record to establish Dalton ever requested a lay advocate. Despite that, due process requires that a lay advocate be appointed only in limited circumstances: where the inmate is illiterate or where "the complexity of the case makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the issues." *Wolff*, 418 U.S. at 570; *see also Miller v. Duckworth*, 963 F.3d 1002, 1004 (7th Cir. 1992). Dalton does not allege that he is illiterate, and it is apparent that he is not based on his filings in this case. Nor was this a particularly complex case. Instead it was a straightforward case which required the DHB to decide whether Dalton assaulted Offender Jackson

6

on the date in question. Dalton was able to marshal a defense, although ultimately it was not successful.

Dalton next claims that he was denied video evidence as a result of not filling out the screening report. Dalton states that he wanted the video of the day room examined to corroborate Harrison Shephard's statement that they were both sitting together in the day room at the time of the assault. Harrison Shepherd provided a statement that he and Dalton were in the day room between 9 and 9:30 p.m. The assault took place after 9:30 p.m., at approximately 9:45 p.m. Thus, even if the video would have corroborated Harrison Shepherd's statement, it still would not have shown that Dalton was innocent of the assault and battery charge. Regardless, there is no indication from the record that he requested such evidence during the hearing process. Again, he cannot fault the hearing officer for failing to consider evidence he did not timely request. *Piggie*, 277 F.3d at 925(if an inmate fails to request exculpatory evidence "either before or at the hearing, then the CAB could not have denied him due process by not considering the request"); *McPherson*, 188 F.3d at 786 (observing that due process does not require "the consideration of evidence that could have been but was not presented at the hearing").

Dalton next complains that he was not able to review the confidential internal investigation report or the confidential statement. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White*, 266 F.3d at 767.

Finally, Dalton complains that he served 350 days in segregation before the charge was amended to 90 days. As a result, he complains that he served more days in segregation than he should have. Regardless, challenges to the type of incarceration - i.e., general population vs.

7

segregation - are not cognizable under section 2254. *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000); see also *Sandin v. Conner*, 515 U.S. 472, 485 (1995)(explaining that segregation is not the type of hardship protected by the due process clause).

Based on the record, there is sufficient evidence to find Dalton guilty of assault and battery, a Class B212 offense, and Dalton has not made a showing that his due process rights have been violated.

For the reasons set forth above, the petition (DE 1) is **DENIED**.

SO ORDERED.

ENTERED:  November 17, 2014 

                                                                        /s/ JON E. DEGUILIO
                                                   Judge
                                                   United States District Court